FILED
RICHARD W. NAGEL
CLERK OF COURT

2017 OCT 10 PM 4: 12

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Luke W. Gorby,

    Plaintiff,

v.

Commissioner of Social Security,

    Defendant.

Case No. 2:16-cv-656

Judge Michael H. Watson
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

On June 7, 2017, Magistrate Judge Jolson, to whom this matter was referred, issued a Report and Recommendation ("R&R"), ECF No. 15, recommending that the Court overrule Plaintiff's Statement of Specific Errors, in which Plaintiff challenged the Commissioner of Social Security's ("the Commissioner's") decision to deny Plaintiff's application for supplemental social security income ("SSI"). Plaintiff has objected to the R&R. ECF No. 16. For the reasons that follow, the Court **OVERRULES** Plaintiff's objections, **AFFIRMS** and **ADOPTS** the R&R, and **DISMISSES** Plaintiff's Complaint.

### I. BACKGROUND

Plaintiff applied for benefits on February 26, 2013, alleging that he became disabled on December 15, 2012, at the age of twenty three. After Plaintiff's initial application was denied, an Administrative Law Judge ("ALJ") held a hearing on Plaintiff's application. The ALJ subsequently issued a written determination denying Plaintiff benefits on November 13, 2014. That decision became final when the Appeals Council denied review on May 9, 2016.

Plaintiff subsequently filed suit for judicial review of the Commissioner's determination pursuant to 42 U.S.C. § 405(g). The Magistrate Judge analyzed Plaintiff's Statement of Specific Errors and recommended that the Court overrule the same. Plaintiff objects to the Magistrate Judge's recommendation.

## II. ANALYSIS

### A. Standard of Review

When a party objects to an R&R within the allotted time, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

It is well settled that, when objecting to an R&R, a party must make "specific written objections" to the magistrate judge's proposed findings and recommendations. Fed R. Civ. P. 72(b)(3). A general statement that the magistrate judge erred does not aid judicial efficiency, the purpose "for which the use of magistrates [was] authorized." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); see also *Holl v. Potter*, No. C-1-09-618, 2011 WL 4337038, at *1 (S.D. Ohio Sept. 15, 2011), *aff'd*, 506 F. App'x 438 (2012) ("Objections that merely restate arguments raised in the memoranda considered by the Magistrate Judge are not proper, and the Court may consider such repetitive arguments waived.").

The Court must analyze Plaintiff's objections in light of the standard of review in social security cases, which was set forth in the R&R:

> "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive...." "[S]ubstantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)(quoting *Cutlip v. Sec'y of HHS*, 25 F.3d 284, 286 (6th Cir. 1994)). The Commissioner's findings of fact must also be based upon the record as a whole. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985). To that end, the Court must "take into account whatever in the record fairly detracts from [the] weight" of the Commissioner's decision. *Rhodes v. Comm'r of Soc. Sec.*, No. 2:13-cv-1147, 2015 WL 4881574, at *2 (S.D. Ohio Aug. 17, 2015).

R&R, ECF No. 16.

### B. Plaintiff's Objections

#### 1. *The Residual Functional Capacity ("RFC") Objection*

The ALJ determined that Plaintiff has the RFC to perform "simple, routine, repetitive, one and two-step tasks." R&R, ECF No. 15. Plaintiff asserts that the Magistrate Judge erred when finding that this RFC determination was supported by substantial evidence. Plaintiff's assertion is not well taken.

As the Magistrate Judge explained, two state-agency reviewing psychologists concluded that Plaintiff had moderate difficulties with concentration, persistence, or pace. *Id.* Both reviewing psychologists also opined, however, that despite this difficulty, Plaintiff retained the capacity to "understand, remember, and carry out one and two-step instructions." *Id.* (quoting Tr. 348, 365). The ALJ relied upon these opinions and adopted the "one and two-step instructions" restriction when

formulating Plaintiff's RFC. The RFC determination was thus supported by substantial evidence.

Plaintiff further asserts that the determination that Plaintiff is limited to "simple, routine, repetitive, one and two-step tasks" is inadequate because it only addresses his inability to perform sophisticated tasks but fails to address how frequently he has difficulty concentrating. Controlling case law in this Circuit does not, however, support that contention. *Smith-Johnson v. Comm'r of Soc. Sec.*, 579 F. App'x 426, 436–37 (6th Cir. 2014); *Ealy v. Comm'r of Soc. Sec*, 594 F.3d 504, 516 (6th Cir. 2010); *see also, Kepke v. Comm'r of Soc. Sec.*, 636 F. App'x 625, 635 (6th Cir. 2016) (explaining that "[c]ase law in this Circuit does not support a rule that a hypothetical providing for simple, unskilled work is *per se* insufficient to convey moderate limitations in concentration, persistence and pace").

In *Smith-Johnson*, a plaintiff claimed that because an ALJ found that she had moderate limitations in concentration, persistence, or pace, the ALJ was required to include specific pace limitations in the plaintiff's RFC and hypotheticals posed to a vocational expert. 579 F. App'x at 436–37. The Sixth Circuit Court of Appeals disagreed. The Appellate Court reasoned that when medical opinion evidence establishes that a plaintiff has a specific pace, speed, or concentration limitation, an ALJ must include those specific restrictions in a plaintiff's RFC and in hypothetical questions. *See id.* (citing and contrasting *Ealy*, 594 F.3d at 516). In *Smith-Johnson*, however, the medical source upon which the ALJ relied "did not place any concrete functional limitations on [the plaintiff's] abilities to maintain attention, concentration, or pace when performing simple, repetitive, or routine tasks" *Id.*

Indeed, the medical source upon which that ALJ relied had opined that the plaintiff was able to perform simple tasks "even considering [the plaintiff's] moderate limitations in maintaining concentration and persistence." *Id.* Therefore, the ALJ was not required to include pace-based restrictions in the RFC or hypotheticals in order to accurately portray the plaintiff's impairments.

Analogously, and as the Magistrate Judge correctly noted, the ALJ here relied upon the reviewing psychologists' opinions that Plaintiff could perform one and two-step tasks despite his moderate difficulties with concentration, persistence, or pace. R&R, ECF No. 15. The Magistrate Judge also correctly concluded that the ALJ properly considered all the record evidence concerning Plaintiff's difficulties in this domain. *Id.* The ALJ did not find that there was credible or compelling evidence that supported the incorporation of greater restrictions in the RFC or the hypotheticals. Tr. 264. Substantial evidence supports that conclusion. Accordingly, the Magistrate Judge correctly concluded that the RFC and the hypotheticals accurately portrayed Plaintiff's mental impairments. R&R, ECF No. 15. The ALJ was not required to include additional concentration-related restrictions in order to achieve that accuracy.

Plaintiff objects to the "absolutist" nature of the language used by the Magistrate Judge in the R&R, and points out that Plaintiff benefitted from special education classes. Plaintiff does not, however, point to concrete, functional limitations in other medical records that should have been incorporated into the RFC. Nor does a review of the record reveal any such additional restrictions. As the Magistrate Judge explained, two consultative examiners opined that Plaintiff's

"ability to maintain concentration to task appeared to be a relative strength" and that there were "no indications" that Plaintiff had "difficulty with attentional pace or persistence." *Id.* (quoting Tr. 784, 909).[1] The Court finds that the Magistrate Judge's "absolutist" phrasing correctly depicts a lack of concrete, functional limitations in the record. For these reasons, the Court **OVERRULES** Plaintiff's first statement of errors.

2. *The 12.05C Listing Objection*

The ALJ determined that Plaintiff did not meet or equal Listing 12.05C. Plaintiff asserts that when making this determination, the ALJ referred to the wrong standard. The Magistrate Judge agreed but found that the ALJ's reference to the wrong standard constituted harmless error in this instance. The Court concurs.

Listing 12.05(C), for intellectual disability, has two mandatory components. *See* 20 C.F.R. Pt. 404, App. 1, §§ 12.00, 12.05(C). The first component, referred to as the "diagnostic definition," has three prongs: 1) significantly sub-average general intellectual functioning; 2) deficits in adaptive functioning; and 3) onset before age twenty-two. 20 C.F.R. Pt. 404, App. 1, § 12.05; *see also Smith-Johnson*, 579 F. App'x at 432 (citing *Hayes v. Comm'r of Soc. Sec.*, 357 F. App'x 672, 675 (6th Cir. 2009)). The second component, referred to as the "severity criteria" for subsection C, has two prongs: 1) a valid verbal, performance, or full scale IQ of 60 through 70; and 2) a physical or other mental impairment imposing an additional and significant work-related limitation or function. 20 C.F.R. Pt. 404, App. 1, § 12.05(C); *see also*

---

[1] Other medical opinion evidence relates to Plaintiff's physical impairments, which are not at issue here.

*Smith-Johnson*, 579 F. App'x at 432 (citing *Sheeks v. Comm'r of Soc. Sec.*, 544 F. App'x 639, 641 (6th Cir. 2013)).

With regard to the severity criteria for subsection C, the ALJ stated that "the evidence fails to establish that [Plaintiff] experiences a complete inability to function independently outside the area of his home as a result of symptoms and limitations arising from his combined documented impairments." R&R, ECF No. 15 (quoting Tr. 262). Plaintiff contends, and the Magistrate Judge correctly concluded, that Plaintiff was not required, however, to show that he experienced "a complete inability to function outside his home" in order to meet Listing 12.05(C).

Nevertheless, and as the Magistrate Judge explained, even though the ALJ referred to the wrong standard for the severity criteria, substantial evidence demonstrates that Plaintiff failed to meet the requirements of the first component— the diagnostic definition. Indeed, as the Magistrate Judge explained, the ALJ conducted a detailed review of the record evidence and concluded that it demonstrated that Plaintiff did not have adaptive functioning deficits that could satisfy the second prong of the diagnostic definition component. R&R, ECF No. 15; *see also* Tr. 262 ("In fact, the evidence demonstrates [that Plaintiff] has adequate adaptive functioning."). Because Plaintiff could not satisfy the diagnostic definition component, the Magistrate Judge correctly determined that the ALJ's reference to the wrong standard in the severity criteria component did not constitute reversible error. *Id.*

Plaintiff does not object to the Magistrate Judge's determination about the diagnostic definition component. Instead, Plaintiff objects solely because the ALJ

referenced the wrong standard in the severity criteria component. This is not an adequate basis for remand. "No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that remand might lead to a difference result." *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 507 (6th Cir. 2006). Under these circumstances, there is no reason to believe that remand might lead to a different result. The Court consequently **OVERRULES** Plaintiff's second statement of errors.

## III. CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections to the R&R, ECF No. 16, **AFFIRMS AND ADOPTS** the R&R, ECF No. 15, and **DISMISSES** Plaintiff's Complaint. The Clerk is **DIRECTED** to enter judgment in the Commissioner's favor and terminate this case.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**